IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

MICHAEL J. DAVIS,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I N D I C T M E N T

5:13-CR-194 (FJS)
(Oswego County)

## THE GRAND JURY CHARGES:

### COUNT 1
### (Manufacturing Marijuana)

On or about August 27, 2012, in Oswego County, in the Northern District of New York, defendant

### MICHAEL J. DAVIS

did knowingly and intentionally manufacture a controlled substance in violation of Title 21, United States Code, Section 841(a)(1). That violation involved one hundred (100) or more marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

### FORFEITURE ALLEGATIONS

1. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense

in violation of Title 21, United States Code, Section 841, the defendant, MICHAEL J. DAVIS, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, the following Real Property located at 669 County Route 30, Altmar, New York 13302:

> ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Williamstown, County of Oswego, and State of New York, known and distinguished as that part or portion of the West half of Lot No. 83 in Township No. 5 of Scriba's Patent, described as follows: STARTING at a point at high water mark on the East side of Kasoag Pond, which point is ten feet generally north of a line extended generally westerly at the same angle from the North foundation of a garage now or formerly upon the described premises, and running thence generally easterly parallel with said line and ten feet equi-distant therefrom (being forty-two feet three inches generally North from the South foundation of said garage and parallel therewith) to the Kasoag-Ricard public highway (so-called) as it, at this time exists (now or formerly), is maintained and/or used or owned; thence generally South along the generally westerly side of said highway to a point where said highway intersects the generally easterly shoreline of Kasoag Pond at high water mark (this point being immediately generally South of the present entrance to the main house upon the described premises); thence generally West and/or Northwest and/or North, etc., along the generally East shoreline of Kasoag Pond at high water mark, to the POINT OF BEGINNING.
>
> SUBJECT TO any and all easements, rights of way, covenants, restrictions, etc., of record.
>
> BEING the same premises described in a deed from Marion J. Becker to Michael J. Davis, dated February 14, 1995 and recorded in the Oswego County Clerk's Office on February 21, 1995 in Book 1274 of Deeds at Page 45.

## SUBSTITUTE ASSETS

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Dated: May 8, 2013

A TRUE BILL     \*\*\*NAME REDACTED\*\*\*

_____
FOREPERSON OF THE GRAND JURY

RICHARD S. HARTUNIAN
United States Attorney

By: _____
Geoffrey J.-L. Brown
Assistant United States Attorney
Bar Roll No. 513495